In the Matter of the Probate of the Will of MIRONA B. SMITH, Deceased. ROBERT W. FRASER, JR., et al., Appellants-Respondents; PUBLIC ADMINISTRATOR OF NEW YORK COUNTY et al., Respondents-Appellants.

First Department, February 3, 1959.

*James N. Vaughan* of counsel (*Edwin Kaufman,* attorney), for Robert W. Fraser, Jr., and another, appellants-respondents.

*Joseph T. Arenson* of counsel (*Joseph T. Arenson,* attorney), for Public Administrator; (*Louis J. Lefkowitz, Attorney-General,* by *Howard F. Danihy*); *Burton T. Ryan,* special guardian, respondents-appellants.

*Per Curiam.* Decree affirmed, with costs to all parties filing briefs payable out of the estate.

This is a proceeding for the probate of a paper writing dated August 24, 1955 purported to be the last will and testament of Mirona B. Smith, an 88-year-old widow, with no known relatives. The Public Administrator, the Attorney-General and the special guardian filed verified objections. The objections denied due execution and testamentary capacity and asserted the will was procured by fraud and undue influence. An order framing six issues was made. Three issues pertaining to execution were withdrawn on the trial by the contestants. The jury rejected the contentions that fraud and undue influence procured the will and failed to agree on the question respecting testamentary capacity. The court thereafter denied a motion to direct admission of the will to probate made by proponents and also denied

a motion made by contestants for a directed verdict denying admission of the propounded paper to probate.

The decree appealed from dated December 14, 1956 set for retrial the issue of the soundness of mind, memory and understanding and of the competency of the decedent to dispose of her estate by will. Proponents appeal from said decree insofar as it denied their motion for a directed verdict admitting the will to probate and set for retrial the issue of testamentary capacity. Contestants appeal from said decree wherein it was adjudged (1) the execution of the propounded paper was not caused or procured by undue influence or fraud; (2) the denial of their motion to set aside the verdict of the jury on the issues of undue influence and fraud; and (3) the denial of their motion for a directed verdict denying the admission to probate of the paper writing.

Contestants, in their notice of appeal, stated they would ask this court to exercise its power under section 309 of the Surrogate's Court Act and decide the questions of fact which were before the court below. By a post-record stipulation dated November 25, 1958, both parties asked for a decision by this court upon the facts — proponents asking for a direction that the will be admitted to probate, the contestants asking for a direction that the will be denied probate.

We find sufficient evidence to support the jury's verdict on the absence of fraud and undue influence and we will not disturb same. We have examined the other assignments of error and find they are without substance. Although it is stipulated that this court may determine on the record before it the factual issue of testamentary capacity, we prefer that issue be re-examined by a jury. We feel that in the circumstances of this case a jury trial of the issue of testamentary capacity is indicated where an opportunity may be had by the triers of the fact to observe the witnesses and evaluate their testimony and demeanor. Decision turns so heavily on credibility, motivation and interest of witnesses who are able to throw light on the capacity of the decedent to make the will that the printed record of the testimony already taken is not wholly a satisfactory guide to adequate decision. With the issues of fraud and undue influence now out of the case and attention on the new trial focused on testamentary capacity, we would expect a jury to be able to reach a well-advised verdict which will resolve the controversy. On the whole we do not regard it too onerous or burdensome for the proponent of the will who is not related to the decedent, if he is to inherit her estate, to follow

the traditional course of persuading a jury that the decedent had the capacity to make the will by which he benefits.

RABIN, J. P., VALENTE, McNALLY and BERGAN, JJ., concur.

Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate.